Herbert L. **DILLON**, Jr.

v.

Clarence J. **SPANGLER**, Trustee.

Civ. A. No. 66–C–34.

United States District Court
S. D. Texas,
Corpus Christi Division.

May 26, 1966.

Kleberg, Mobley, Lockett & Weil, Corpus Christi, Tex., J. Lev Hunt, Corpus Christi, Tex., for plaintiff.

McDonald & Spann, Bob J. Spann, Corpus Christi, Tex., for defendant.

## MEMORANDUM AND ORDER OF REMAND

GARZA, District Judge.

Plaintiff, Herbert L. Dillon, Jr., a resident of Houston, Texas, brought this action in the 79th District Court of Jim Wells County, Texas, alleging sums due by Defendant under a Joint Operating Contract for services and materials furnished by Plaintiff as operator of an oil and gas lease. Defendant, Clarence J. Spangler, a resident of Dallas, Texas, removed the cause to this court, alleging that he is not the real party at interest, but has at all times acted only as agent, representative or trustee for one Walter Trout, a resident of Florida.

Plaintiff now moves the Court to remand this case to the state court because of the absence of diversity jurisdiction. In his reply to the motion to remand, Defendant prays that Walter Trout be substituted as Defendant, that Clarence J. Spangler be dropped and that the motion to remand be denied. Attached to this reply is a copy of an Assignment of Interest whereby Clarence J. Spangler, Trustee, conveyed to Walter Trout the interest in the leases involved which had been in Spangler's name as trustee. This instrument was executed on April 11, 1966, after this suit was commenced in the state court and after it was removed on April 8, 1966.

This Court must determine the removability of the action as of the time it was removed, and it is obvious from the papers on file here that the suit was at that time one between two residents of the State of Texas. The Defendant is contending that the Plaintiff has sued

the wrong party, and that if the correct person is substituted as the party defendant, then the case is removable and this Court has jurisdiction. This may be true, but this contention overlooks the fact that until there is a suit between residents of different states, there is no jurisdiction in the Federal Court and no order substituting parties can be made here, where there is a complete lack of jurisdiction over the case in this Court.

It is for the state court to consider whether another party should be substituted as the Defendant, and if that court should take action which results in the required diversity being present in the action, then it may be removable at that time, and the Defendant would have thirty (30) days to file his petition for removal pursuant to 28 U.S.C. § 1446(b).

Since this action may not at this time be removed to this Court, it is

Ordered, adjudged and decreed that the Plaintiff's Motion to Remand is hereby granted and this cause is hereby remanded to the 79th District Court of Jim Wells County, Texas.